RECEIVED
IN LAKE CHARLES, LA.
JUL 29 2009
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | * | CR. NO. 04-20128-01 |
|---|---|---|
| | * | CIVIL NO. 08-889 |
| VERSUS | * | |
| | * | JUDGE MINALDI |
| CORY D. RIGMAIDEN | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is a Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. §2255 [doc. 67] filed by the defendant, Cory D. Rigmaiden ("Rigmaiden"). The Government filed an Opposition [doc. 71]. Rigmaiden filed a Reply [doc. 73[1]].

## PROCEDURAL HISTORY

On September 15, 2004, a federal grand jury returned an indictment charging the defendant, Cory D. Rigmaiden, with one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 and two counts of using a communication facility in facilitating a felony under the Controlled Substance Act, in violation of 21 U.S.C. § 843(b). [Doc. 15]. On January 6, 2005, pursuant to a written plea agreement, the defendant pleaded guilty to Count One of the indictment. Count One specifically charged that on or about July 30, 2004, the defendant knowingly and intentionally possessed with intent to distribute approximately 50 grams or more of cocaine base. [Docs. 33-34].

The government filed a motion for departure from the sentencing guidelines but withdrew

---

[1] Styled as a "Motion of Traverse".

1

that motion. [Docs. 42, 47-48]. On August 18, 2005, the defendant was sentenced to 300 months imprisonment. [ Doc. 49].

On October 24, 2007, the United States Court of Appeals for the Fifth Circuit affirmed the defendant's sentence. The judgment was issued as mandate on November 16, 2007. [ Doc. 65]. On May 19, 2008, the petition for writ of certiorari was denied by the United States Supreme Court. (See Fifth Circuit docket sheet, No. 05-30955). The defendant filed the instant motion on May 19, 2009. [Doc. 67].

## FACTS

On July 30, 2004, law enforcement executed a search warrant at the residence of Dominic Mitchell in Lake Charles, Louisiana. Officers found crack cocaine which Mitchell indicated that he had purchased from Cory Rigmaiden, who had received a large shipment from Houston. (Presentence Investigation Report "PSR", para. 5). Mitchell agreed to place consentually monitored telephone calls to Rigmaiden to order more crack cocaine. (PSR, para. 6). After making two calls, Rigmaiden met Mitchell at Mitchell's residence and delivered ten cookies of crack cocaine. Rigmaiden was immediately arrested. (PSR, para. 6).

Officers then executed a search warrant at Rigmaiden's residence where they found 60 cookies of crack cocaine, $2,460, and some codeine. The total amount of cocaine base seized from Mitchell and Rigmaiden was 706.1 grams. (PSR, paras. 6-11).

The PSR indicates that under U.S.S.G. § 4B1.1(a), the defendant's base offense level was 34. (PSR, revised April 29, 2005, para. 19). His criminal history category was VI. The guideline imprisonment range was 262 to 327 months. (PSR, revised April 29, 2005, para. 51).

2

LAW

Rigmaiden asserts several grounds for this §2255 motion:

1)  Counsel Stanford was constitutionally ineffective for failing to raise *Booker* and request that Rigmaiden's sentence be based on 3553(a) sentencing factors;
2)  Counsel failed to object or challenge the district court's denial of a downward variance because Rigmaiden had not demonstrated extraordinary circumstances;
3)  In light of *Booker* and this court's discretion to depart, counsel was ineffective for not requesting a downward departure based upon the 100:1 crack/powder disparity;
4)  Counsel was ineffective by failing to raise or challenge the Government's lack of subject matter jurisdiction over the alleged prohibited acts;
5)  Counsel was ineffective by "failing to raise or challenge self-evident and self-declaring defects in the Government's charging instrument";[2]
6)  Counsel failed to argue that Rigmaiden's sentence exceeded his statutory maximum range;
7)  Appellate counsel Aberle was constitutionally ineffective when he failed to demonstrate how Rigmaiden's sentence was unreasonable under *Booker* and 3553(a);
8)  Appellate counsel Aberle was constitutionally ineffective in failing to argue that the Government lacked federal subject matter jurisdiction; and
9)  Appellate counsel Aberle was constitutionally ineffective by "failing to raise or challenge self-evident and self-declaring defects in the Government's charging instrument".[3]

The defendant argues that both his trial attorney and his appellate counsel were ineffective based upon their failure to raise a myriad of issues.

A criminal defendant has a right to counsel under the Sixth Amendment, and the right to counsel entails the right to effective assistance of counsel.[4] To prove ineffective assistance of counsel under *Strickland*, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense."[5] A finding of deficient performance

---

[2] Page 5 of the defendant's motion.

[3] Page 9 of the defendant's motion.

[4] *Strickland v. Washington*, 466 U.S. 668, 684-86, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

[5] *Id.* at 687, 104 S.Ct. 2052.

3

requires a showing that " 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment,' "[6] that is, petitioner must show that counsel's performance fell below an objective standard of reasonableness, as measured by prevailing professional norms.[7] In applying the first part of the *Strickland* test, a court should presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *Strickland*, 104 S.Ct. at 2065. Deficient performance is prejudicial "only if, but for counsel's errors, there is a reasonable probability that the final result would have been different and confidence in the reliability of the verdict has been undermined."[8] Failure to prove either deficient performance or prejudice will defeat an ineffective assistance of counsel claim.

In the context of a guilty plea, prejudice is present if there is a reasonable probability, that absent counsel's errors, the defendant would not have entered a guilty plea and would have insisted on a trial.[9] Since the defendant pleaded guilty, all non-jurisdictional defects in the proceedings against the defendant are waived. This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea.[10]

---

[6] *Leal v. Dretke*, 428 F.3d at 548 (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052),

[7] *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052.

[8] *Leal*, 428 F.3d at 548 (citing *Little v. Johnson*, 162 F.3d 855, 860-61 (5th Cir.1998)).

[9] *Hill v. Lockhart*, 106 S.Ct. 366 (1985); *Theriot v. Whitley*, 18 F.3d 311, 313 (5th Cir. 1994).

[10] *Strickland v. Washington*, 466 U.S. 668 (1984) ; United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000); *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991); *Smith v. Estelle*, 711 F.2d 677 (5th Cir. 1983).

Regardless of his attorney's performance, "the conviction should be upheld if the plea was voluntary," for if the plea is voluntary, there is no prejudice.[11] The burden of proof is on a § 2255 petitioner to prove his allegations. The defendant has introduced no evidence that this court did not comply with the provisions of Rule 11 of the Federal Rules of Criminal Procedure, requiring that "the court... shall not accept the (guilty) plea without first determining that the plea is made voluntarily with understanding of the nature of the charge.[12] The defendant has not established that his alleged ineffective assistance of counsel resulted in an involuntary guilty plea.

In responding to the defendant's claims of ineffective assistance of counsel, the Government answered the assertions following the order of the proceeding. The court will address these issues in the same order.

The first issues raised allegedly arose during the preliminary stages of this case. The defendant claims that his attorney should have challenged the indictment. The decision not to challenge the indictment can be considered as trial strategy. Rigmaiden has failed to satisfy his burden of showing that counsel's decision not to challenge the indictment was not a sound strategy. *See United States v. Hill,* 864 F.2d 601, 604 (8th Cir.1988), *cert. denied,* 489 U.S. 1089, 109 S.Ct. 1554, 103 L.Ed.2d 857 (1989).

Rigmaiden argued that his trial counsel was ineffective for failing to argue lack of jurisdiction. He argues that the federal law under which he was charged did not contain language which would constitute an interstate nexus, therefore it is in violation of the Commerce Clause. In

---

[11] *Deville v. Whitley,* 21 F.3d 654, 659 (5th Cir. 1994).

[12] *Munich v. United States,* 337 F.2d 356 (9th Cir. 1964); *Domenica v. United States,* 292 F.2d 483 (1st Cir. 1961).

his "Motion of Traverse", Rigmaiden argues that this issue is not about the "power of Congress to regulate Interstate Commerce activities in controlled substances. The issues were the Government failed to allege 'any' connection to interstate commerce," thus the Government did not establish any offense against the laws of the United States. In this context, it appears that the defendant is arguing that the Government has insufficient evidence to convict him of this crime. The defendant never asserts actual innocence. A question of sufficiency of evidence is procedurally barred. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir.1994) ( citing *Shaid*, 937 F.2d at 232); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir.1995). Rigmaiden has not established cause not prejudice.

Additionally, a statute is not required to refer to "an interstate nexus" to invoke federal court jurisdiction. It is well-established that Congress' regulation of controlled substance offenses under 21 U.S.C. §§ 841 and 846 is permissible under the Commerce Clause and showing an interstate commerce nexus is not required. *United States v. Lopez*, 459 F.2d 949, 953 (5th Cir. 1972); *see also United States v. Owens*, 996 F.2d 59, 61 (5th Cir. 1993).

District courts "have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." See 18 U.S.C. § 3231; *United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1992); *see also United States v. Sitton*, 968 F.2d 947, 953 (9th Cir. 1992) ("Federal courts have exclusive jurisdiction of offenses against the laws of the United States under 18 U.S.C. § 3231; the permission of the states is not a prerequisite to exercise of that jurisdiction."); *United States v. Figueroa-Soto*, 938 F.2d 1015, 1020 (9th Cir. 1991) (stating the same acts may be punished

by two sovereigns if they offend the laws of both sovereigns). The defendant violated a federal law, and, thus, regardless of any applicable state law, the United States District Court has jurisdiction.

The defendant asserts that counsel was ineffective for failing to argue lack of jurisdiction, since the defendant's prohibited acts were handled by state authorities. The attorney cannot be ineffective for failing to raise a meritless claim. *See United States v. Sangs* 2001 WL 1747884, 1 (5th Cir. 2001); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir.1994).

Rigmaiden next argues that his counsel was ineffective at sentencing for failing to bring *Booker* and the advisory nature of the guidelines to the Court's attention and for failing to ask the sentencing court to consider the § 3553 factors. The record clearly demonstrates that the Court was aware of *Booker* and that the court considered the § 3553 factors.[13] The Presentence Investigation Report specifically provided that guidelines were no longer mandatory. (PSR, revised April 29, 2005, para. 66).

The defendant argues that counsel at sentencing and on appeal were ineffective for failing to object to his burden of demonstrating "extraordinary circumstances" before the Court could deviate from the advisory sentencing Guideline range. The defendant appears to base his argument on *Gall v. United States*, 128 S.Ct. 586, 595 (2007) which rejected the notion that a district court needs extraordinary circumstances to justify a deviation from the guidelines range.[14] The sentencing and the appeal in the instant case pre-dated *Gall*. An attorney cannot be considered ineffective for not anticipating a decision that has yet to be rendered.

---

[13] Sent. Tr. at 10.

[14] In his Motion of Traverse, Rigmaiden contends that he merely cited *Gall* and *Kimbrough* "to solidify *Booker* as the Supreme Court intended." (Traverse, p. 11).

7

The defendant also argues that his attorneys at sentencing and on appeal were ineffective for failing to request a downward departure on the basis of the 100:1 disparity in the penalties for crack cocaine and cocaine powder. This court agrees with the Government that Rigmaiden's argument appears to be based on *Kimbrough v. United States*, 128 S.Ct. 558, 564 (2007) in which the Supreme Court addressed the question of whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses,"despite Rigmaiden's protestations to the contrary.[15] Specifically addressing crack cocaine guidelines in *Kimbrough*, the Court ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." *Id.* at 575. Again, the sentencing and the appeal in this case pre-dated the holding in *Kimbrough*.

The defendant asserts that his attorney at sentencing failed to argue that his sentence "exceeded his statutory maximum range." He claims that his maximum sentence was 240 months since he was charged with 21 U.S.C. 841(b)(1)(C). As noted by the Government in the Answer, the indictment does appear to contain a typographical error. The count to which the defendant pleaded guilty charges him with possession with intent to distribute 50 grams or more of cocaine base in violation of "Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)." [ Doc. 15]. The correct penalty provision for that amount of cocaine base is 21 U.S.C. § 841(b)(1)(A).

The documents filed at the time of the guilty plea and the transcript of the guilty plea indicate that the defendant was informed of the correct penalty for the amount of drugs for which he was held

---

[15] See Motion of Traverse, p. 14.

responsible. The document entitled, "Affidavit of Understanding of Maximum Penalty and Constitutional Rights," which the defendant signed, provides that the term of imprisonment was not less than ten years and not more than life and that the possible term of supervised release was five years. [Doc. 34-3]. At the guilty plea, the Court informed the defendant that he was facing a penalty of ten years to life imprisonment and five years of supervised release. (Guilty Plea Tr. at 6). The Presentence Investigation Report also referred to the penalty provision, 21 U.S.C. 841(b)(1)(A), and provided that the term of imprisonment was not less than 10 years and not more than life. (PSI, prepared April 29, 2005, cover page; para. 50). The attorney will not be considered ineffective for failing to raise this issue.

Lastly, Rigmaiden argues that his appellate counsel was ineffective. The review of whether the attorney's failure to raise an issue on appeal falls below an "objective standard of reasonableness" is deferential, and there is a presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 104 S.Ct. at 2064; *United States v. Williamson*, 183 F.3d 458, 463 (5th Cir. 1999). Nevertheless, appellate counsel is not required to "raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989), cert. denied, 493 U.S. 970, 110 S.Ct. 419, 107 L.Ed.2d 384 (1989). As part of advocacy strategy, counsel can choose the issues to raise on appeal that he feels are the strongest. *Ellis v. Lynaugh, Id.; Wicker v. McCotter*, 783 F.2d 487, 497 (5th Cir. 1986).

Decisions by counsel concerning strategy are considered with great deference. *Strickland v. Washington*, 104 S.Ct. at 2065-66; *Murray v. Maggio*, 736 F.2d at 282; *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985). The defendant contends that counsel should have raised on appeal the

claims discussed above. Because those arguments lack merit, Rigmaiden cannot demonstrate that his appellate counsel rendered deficient performance in failing to make such claims. *Smith v. Puckett,* 907 F.2d 581, 585 n. 6 (5th Cir.1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim ").

Accordingly, for the reasons set forth herein above, the defendant's §2255 motion will be denied.

Lake Charles, Louisiana, this _28_ day of July, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE