RECEIVED
IN LAKE CHARLES, LA

SEP - 2 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | * | CRIMINAL NO. 2: 04 CR 20128-01 |
|---|---|---|
| VERSUS | * | JUDGE MINALDI |
| CORY D. RIGMAIDEN | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Presently before the court is the defendant's Motion for Reconsideration [doc. 77].

A Motion for Reconsideration filed within ten days of judgment is treated as a motion to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir.1993). The court entered judgment on Rigmaiden's § 2255 motion on July 29, 2009. Rigmaiden certifies that his motion was mailed August 11, 2009[1] consistent with the *pro se* mailbox rule, and less than 10 days after the denial of his 2255 petition.[2] The motion was filed on August 17, 2009.

In general, a Rule 59(e) motion may be granted on four grounds: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to present newly discovered evidence or previously unavailable evidence; (3) to prevent manifest injustice; and (4) if justified by an intervening change in controlling law. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1 (2d ed.1995). After a thorough review of the defendant's motion, the court finds that

---

[1] The postmark date is unclear.

[2] *See Edwards v. United States*, 266 F.3d 756, 758-59 (7th Cir.2001) (holding the mailbox rule applies to a pro se prisoner's filing of a motion under Rule 59(e)).

Rigmaiden has not presented the court with any new facts or grounds warranting reconsideration of the denial of his §2255 petition. Accordingly,

IT IS ORDERED that the defendant Rule 59(e) Motion for Reconsideration IS DENIED.

Lake Charles, Louisiana this 2 day of Sept, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE